UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Uponor, Inc., F1807 Plumbing
Fittings Products Liability Litigation

MEMORANDUM OPINION
AND ORDER
Court File No. 11-MD-2247 ADM/JJK

This Order Relates to all Actions

---

Shawn M. Raiter, Esq., Larson King, LLP, St. Paul, MN; Robert K. Shelquist, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN; Charles J. LaDuca, Esq., Cuneo, Gilbert & LaDuca, LLP, Washington, D.C.; Michael McShane, Esq., Audet & Partners, LLP, San Francisco, CA; David Black, Esq., Perkins Coie, LLP, Denver, CO; J. Gordon Rudd, Jr., Esq., Zimmerman Reed, PLLP, Minneapolis, MN; Christopher L. Coffin, Esq., Pendley, Baudin & Coffin, L.L.P., New Orleans, LA; and David M. Birka White, Esq., Birka-White Law Offices, Danville, CA, on behalf of Plaintiffs.

Bradley D. Fisher, Esq., Fisher Bren & Sheridan LLP, Minneapolis, MN; and Howard L. Lieber, Esq., John R. Schleiter, Esq., and Lindsay E. Dansdill, Esq., Grotefeld, Hoffman, Schleiter, Gordon & Ochoa, LLP, Chicago, IL; and Joshua P. Haid, Esq., Fisher Kannaris, PC, Chicago, IL, on behalf of Defendants.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Radiant Technology, Inc.'s Motion Regarding Stay of Nevada State Court Action [Docket No. 103].  This motion requests a determination of the continued validity of the stay created by this Court's Amended Class Certification Order [Docket No. 14], as it applies to plaintiffs Aventine-Tramonti Homeowners Association in current Nevada litigation.  For the reasons set forth below, the stay is no longer in effect and the Motion is denied.

## II.  BACKGROUND

This multidistrict litigation ("MDL") case concerns brass fittings sold by Radiant Technology, Inc. ("RTI") and Uponor, Inc. ("Uponor") (collectively, the "RTI Defendants") throughout the country until the end of 2006.  See generally Aff. of Shawn Raiter in Supp. of

Mot. for Final Approval [Docket No. 86] ("Raiter Final Approval Aff.") ¶¶ 3–4.  After lengthy litigation and negotiation, a Settlement Agreement was reached providing substantial benefits for class members, as well as attorneys' fees, costs, and expenses to be paid separately from the fund available to class members.  Raiter Final Approval Aff. Ex. A. ("Settlement Agreement") ¶ 85.  The preliminary approval of the Settlement in January 2012 scheduled a final fairness hearing for June 26, 2012.  Am. Class Certification Order ¶ 67.  The preliminary approval of the Settlement Agreement also stayed all ongoing litigation involving the RTI F1807 Systems, which included an ongoing case in Nevada state court captioned <u>Aventine-Tramonti Homeowners Ass'n v. Vanguard Piping Sys., Inc.</u>, Nevada Case No. A555328.  The Amended Class Certification Order also provided a procedure for parties to opt-out of the Settlement Agreement.  The Nevada Plaintiffs, the Aventine-Tramonti Homeowners Association, timely sent a letter opting out of the Settlement, which was received on June 4, 2012.  <u>See</u> Wilson Aff. [Docket No. 71].

On June 29, 2012, this Court issued a Final Approval Order [Docket No. 96] granting the Motion for Final Approval of Class Action Settlement [Docket No. 83] and the Motion for an Award of Fees and Costs [Docket No. 87].  This Final Approval Order noted that only two opt-out requests were received and that none were challenged.  Final Approval Order at 6.  On July 27, 2012, Defendant Radiant Technology, Inc. filed this Motion Regarding Stay.

### III.  DISCUSSION

Although no objections to the opt-out parties were made before the issuance of this Court's Final Approval Order, now a defendant in the <u>Aventine-Tramonti</u> case has challenged in Nevada state court the validity of Aventine-Tramonti's opt-out request.  That party – Oetiker,

Inc. – now argues that Aventine-Tramonti's opt-out request was invalid and that this Court's stay, issued in January 2012, should remain in place until the validity of the opt-out request is determined by this Court. RTI, a co-defendant in that Nevada case and a defendant in the Uponor MDL case before this Court, agrees, contending that Aventine-Tramonti should not be able to proceed with discovery until this Court determines if their opt-out was proper. Lead Plaintiff's Counsel in this case, however, asserts that the Oetiker objections to the opt-out requests are untimely and improper, and therefore the opt-out requests are valid and the stay, as it applies to Aventine-Tramonti, is no longer in effect.

Objections to a settlement agreement must be made before that judgment becomes final. See, e.g., Hirshon v. Republic of Bolivia, 979 F. Supp. 908, 912–13 (D.D.C. 1997) (denying a motion challenging the approved settlement which was not presented to the Court prior to approval, either in writing or at the final fairness hearing). Indeed, the very objective of the final fairness hearing is for parties to object to a settlement's terms, class, or process. See Henderson v. Eaton, No. Civ.A. 01-138, 2002 WL 31415728, at *2 (E.D. La. Oct. 25, 2002) ("[T]he Court held a final fairness hearing for the purpose of receiving and ruling on any objections or opt-outs."). An objection must be timely to be to be considered by a court on its merits. See Yarrington v. Solvay Pharm., Inc., 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) ("For an objection to a settlement to be considered by the Court on the merits, it must be timely filed."); In re UnitedHealth Group Inc. Shareholder Derivative Litig., 631 F. Supp. 2d 1151, 1158 n.6 (D. Minn. 2009) ("As [the objection] is [] untimely, the Court does not consider its merits."); In re Lutheran Bhd. Variable Ins. Prod. Co. Sales Practices Litig., 99-MDL-1309, 2004 WL 2931352, at *12 (D. Minn. Dec. 16, 2004) (stating that "Any Class Member who does not timely file and

serve a written objection . . . shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.").

No parties objected to Aventine-Tramonti's opt-out request prior to this Court's Final Approval Order, and no one challenged the opt-out request at the final fairness hearing itself. Instead, Oetiker argued after the issuance of the Final Approval Order that Aventine-Tramonti had not validly opted out of the Uponor MDL case and was thus stayed from proceeding with its Nevada litigation. Once the specter of an invalid opt-out request was raised, RTI filed its present motion asking this Court to determine the validity of Aventine-Tramonti's opt-out request. This Motion Regarding Stay was filed a month after this Court issued its Final Approval Order, and as such is untimely. Because the objection to Aventine-Tramonti's opt-out request is untimely, this argument has been waived and the opt-out is deemed valid. Because they opted out, the stay no longer applies to Aventine-Tramonti.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:** Radiant Technology, Inc.'s Motion Regarding Stay of Nevada State Court Action [Docket No. 103] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 17, 2012