UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Uponor, Inc., F1807 Plumbing
Fittings Products Liability Litigation

MEMORANDUM OPINION
AND ORDER
Court File No. 11-MD-2247 ADM/JJK

This Order Relates to all Actions

Shawn M. Raiter, Esq., Larson King, LLP, St. Paul, MN; Robert K. Shelquist, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN; Charles J. LaDuca, Esq., Cuneo, Gilbert & LaDuca, LLP, Washington, D.C.; Michael McShane, Esq., Audet & Partners, LLP, San Francisco, CA; David Black, Esq., Perkins Coie, LLP, Denver, CO; J. Gordon Rudd, Jr., Esq., Zimmerman Reed, PLLP, Minneapolis, MN; Christopher L. Coffin, Esq., Pendley, Baudin & Coffin, L.L.P., New Orleans, LA; and David M. Birka White, Esq., Birka-White Law Offices, Danville, CA, on behalf of Plaintiffs.

Chad R. Felstul, Esq., Pemberton, Sorlie, Rufer & Kershner, PLLP, Fergus Falls, MN; and Kenneth S. Kasdan, Esq., Michael D. Turner, Esq., and Michael James White, Esq., Kasdan Simonds Webber & Vaughan LLP, Irvine, CA, and Phoenix, AZ, on behalf of Objectors Oscar Ortega, Toney Abbott, Bonnie Abbott, Alberto Aguilar, Irma Aguilar, Steven A. Archangel, Alejandro Camarena, Monica Camarena, Evelyn Candido, Luis Carillo, John Parrett, Jaime Cubides, Marta Cubides, Verna Culp, Louise Ellis, Rosario Lopez, Monica McCulloch, Daniel Saenz, Angel Morales, Cassandra Smith, Micaela Negrete, Luis Zapata, Todd O'Neal, Sylvia O'Neal, Roberto Perez, Henry Pimentel, Gerardo Rivera, Gregorio Sanchez, Marisol Sanchez, Laura Spindola, Wilber Torres, Kenneth Wright, Debra Wright, Raul Zelaya, Jose Zul, and Lucila Zul.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on the Ortega Objectors' Motion for Immediate Stay of Rule 7 Appeal Bond Order [Docket No. 136] ("Motion for Stay"). For the reasons set forth below, the Ortega Objectors' Motion for Stay is denied.

## II. BACKGROUND

On June 29, 2012, this Court issued a Final Approval Order [Docket No. 96] of a settlement in this underlying multidistrict litigation ("MDL") case concerning brass plumbing fittings sold throughout the country by Radiant Technology, Inc. ("RTI") and Uponor, Inc. ("Uponor") (collectively, the "RTI Defendants"). The Ortega Objectors appealed the Final Approval Order, as well as several other court orders in this case, on July 19, 2012. See Notice of Appeal [Docket No. 100].

On September 11, 2012, this Court ordered the Ortega Objectors and the Palmer Objectors to post a Rule 7 appeal bond in the amount of $170,000 — approximately $4,470 per individual objector if equally assessed. See Sept. 11, 2012 Order [Docket No. 132] ("Bond Imposition Order") 11. The Ortega Objectors and the Palmer Objectors were made jointly and severally liable for the bond amount, and the bond is to be posted by September 21, 2012. Id. at 12. On September 13, 2012, the Ortega Objectors appealed this Court's bond order to the United States Court of Appeals for the Eighth Circuit. Notice of Appeal [Docket No. 134]. The Ortega Objectors filed this Motion for Stay on September 18, 2012.

## III. DISCUSSION

The Ortega Objectors argue that this Court's bond should be immediately stayed under Rule 8(a)(1) of the Federal Rules of Appellate Procedure. Specifically, the Ortega Objectors argue that this Court made several factual and legal errors in its Bond Imposition Order. None of these arguments bears on the factors to be weighed before granting a stay of the imposition of an order pending appeal.

**A. Standard of Review**

Courts consider four factors in determining whether to issue a stay pursuant to Rule 8(a)(1): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also U.S. v. Bailey, 556 F. Supp. 2d 977, 981 (D. Minn. 2008) (same). The likelihood of success on the merits is usually the most important factor. Twin City Galleries, LLC v. Media Arts Grp., Inc., 431 F. Supp. 2d 980, 983 (D. Minn. 2006) (citing S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992)).

The movant bears the burden of proof on all four factors. James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982). A stay is not granted as a matter of right, because it is an "intrusion into the ordinary processes of administration and judicial review." Nken v. Holder, 556 U.S. 418, 427 (2009).

**B. Analysis**

The Ortega Objectors have not cited the four Braunskill factors, nor have they offered any arguments supporting any of these considerations. On the most important factor, the Ortega Objectors' likelihood of success on appeal, this Court has already determined in its Bond Imposition Order that the Ortega Objectors' arguments for the underlying appeal are "very weak," that they are "appealing issues that this Court has already entertained and found wanting," and that "[n]one of these issues are likely to succeed on appeal." Bond Imposition Order 5.

Similarly, the Ortega Objectors are unlikely to succeed on the merits of their appeal of this Court's Bond Imposition Order. The Ortega Objectors cite a single case in support of their argument that this Court made legal and factual errors in its Bond Imposition Order. The Court is convinced, however, that a Rule 7 bond is necessary given the Ortega Objectors' financial ability to post the bond, the risk of nonpayment of appellee's costs if the Ortega Objectors' appeal is unsuccessful, and the lack of merit to the appeal. Accord Berry v. Deutsche Bank Trust Co. Americas, 632 F. Supp. 2d 300, 307 (S.D. N.Y. 2009). While the Court did not find that the Ortega Objectors had engaged in bad faith conduct, the three other factors which courts consider in determining the necessity of Rule 7 bonds weigh strongly in favor of imposing a bond in this case. As the Ortega Objectors remain unlikely to succeed in their appeal, they have failed to satisfy this fundamental factor and therefore have not met the burden for imposing a stay of this Court's Order.

The other three factors similarly weigh against granting the Ortega Objectors' request for an immediate stay. The Ortega Objectors have not contended they will be irreparably injured without a stay, and the Ortega Objectors previously stated that they "do not pose a payment risk." Mem. of Ortega Objectors in Opp'n to Mot. to Require an Appeal Bond [Docket No. 122] at 5. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996). Because the Ortega Objectors have not argued they would be irreparably injured by posting the bond amount, they have not shown irreparable injury.

Issuing the stay would substantially injure the Settlement Class and the RTI Defendants, and the Ortega Objectors have failed to offer any argument otherwise. The Court imposed a

Rule 7 bond because the "risk of nonpayment of appellees' costs if the appeal is unsuccessful is high." Bond Imposition Order 4.  The purpose of a Rule 7 bond is to protect the parties to the settlement.  See, e.g., In re Ins. Brokerage Antitrust Litig., Civ. No. 04-5184, 2007 WL 1963063, at *2 (D. N.J. July 2, 2007).  The parties involved in the Settlement Agreement would be substantially injured by a stay of the imposition of the bond.

Finally, the Ortega Objectors have not established that the public interest favors granting a stay pending appeal.  Rather, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." In re Cardizem CD Antitrust Litig., 218 F.R.D. 508, 530 (E.D. Mich. 2003) (internal quotation and citation omitted).  The public interest favors a swift resolution for the 30,000 Class Members, as well as the appropriate use of judicial resources.  The Ortega Objectors' Motion for Stay meets none of the Braunskill factors and is denied.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:** Ortega Objectors' Motion for Immediate Stay of Rule 7 Appeal Bond Order [Docket No. 136] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 20, 2012.